MILLER, Judge.
Plaintiff Jackie Lasha appeals the judgment denying his claim for workmen’s compensation benefits. The trial court held that plaintiff failed to prove by a preponderance of evidence that he was disabled when compensation benefits were terminated. We affirm.
Plaintiff appellant seeks total and permanent benefits contending that he suffers pain when he performs the same type work performed prior to the accident. Plaintiff’s credibility was at issue and was successfully discredited several times.
The accident occurred about 10 a. m. on September 9, 1971 at the Mobil Plant at *264 Johnson’s Bayou in Cameron Parish. Lasha had been employed as a winch truck driver, hut was working as a laborer at the time of the .accident. ‘.¡While cleaning a tank he was instructed to hold a waterhose which was in fact a high-pressure airhose. When the valve was opened, Lasha was thrown backward by the high-pressure hose. His back and elbow struck the cement.
Lasha was taken to the hospital and examined by Dr. Jerome W. Ambrister about noon that day. X-rays were negative as to bone damage. Dr. Ambrister saw him daily in the hospital and treated him with medication until September 17 when Lasha was discharged from the hospital. Lasha reported to Dr. Ambrister weekly with “migratory” complaints. By October 8, the principal complaint was to the right hand and elbow area. By October 22nd there was some numbness in the right little finger and ring finger, but plaintiff had recovered from the back injury. Dr. Ambrister returned Lasha to employment on October 22nd and compensation was terminated on October 28th, 1971.
Lasha returned to his employer but left without attempting to return to work.
Plaintiff was seen by Dr. William Grady Akins, Jr. on November 2nd, 1971 and again on March 17, 1972. After both examinations Dr. Akins concluded that there was a tardy ulna nerve problem and that plaintiff could not perform hard manual labor.
At defendant’s request plaintiff was examined by Dr. Ambrister on March 14, 1972. An electromyographic study was requested to study the suggested tardy ulna nerve paralysis problem.
Dr. Demitri George, a specialist in physical medicine and rehabilitation, conducted an electromyographic study on March 20, 1972. The results were normal and supported Dr. Ambrister’s opinion that plaintiff did not have the tardy ulna nerve paralysis problem. Dr. George also reported that there was no muscle atrophy.
Sometime prior to January 19, 1972 Lasha was given a preemployment physical by Drs. Woodward and Looney. He did not mention the alleged existing medical problem and Lasha was passed for hard manual labor. Lasha went to work with Gulf Coast Construction Company on January 19, 1972 and admitted that he performed hard manual labor from that date through the March 28, 1972 trial. He contends that he was in pain but admits that he did not complain to his employer.
Dr. Akins’ March 17, 1972 diagnosis was made on the assumption that plaintiff was unable to perform hard manual labor as of that date. He did not know that plaintiff started performing hard manual labor on January 19, 1972. Since his diagnosis was based partly on an incorrect assumption of facts, his opinion is given only limited consideration. Keener v. Fidelity and Casualty Co. of New York, 96 So.2d 509 (La.App. 2 Cir. 1957).
Lasha’s contention that he is working in substantial pain conflicts with the preponderance of expert medical testimony. The presence of pain was put in doubt by testimony of Lasha’s fellow employee (called by Lasha) when he testified that Lasha’s complaints were of pain which would ordinarily be expected as a consequence of the nature of the job. Other lay testimony established that Lasha’s work from January through March 1972 required him to move heavy manhole covers, dig holes to a depth of three to four feet with a hand shovel and move heavy equipment. Lasha’s credibility was successfully attacked on other material factors presented in the case.
A compensation claimant will not be held to be disabled and thus entitled to compensation benefits solely because he suffers some residual pain or discomfort when he attempts to work following an industrial accident. The residual pain or discomfort which he suffers will be consider *265 ed as being disabling only if it is substantial enough or sufficiently intense that it either prevents the worker from carrying out some of the functions of his job, or, where the pain is not so intense as to hinder the worker’s fulfillment of his duties, it must be shown that performance of the work would be deleterious to his health. Jones v. Woodson Construction Company, 213 So.2d 151 (La.App. 3 Cir. 1968). See also cases cited at 213 So.2d 153.
The trial court’s decision is manifestly correct.
The judgment is affirmed at plaintiff appellant’s costs.
Affirmed.