276 So.2d 749 (1973)
Joyce THOMAS, Plaintiff-Appellant,
v.
ST. PATRICK'S HOSPITAL and Argonaut Insurance Company, Defendant-Appellee.
No. 4149.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1973.
*750 Cox, Cox & Grand by Thomas L. Grand, Lake Charles, for plaintiff-appellant.
Stockwell, St. Dizier, Sievert & Viccellio by Robert W. Clements, Lake Charles, for defendant-appellee.
Before FRUGE, HOOD, and DOMENGEAUX, JJ.
FRUGE, Judge.
Plaintiff, Joyce Thomas, appeals the judgment denying her claim for workmen's compensation benefits. The trial court held that plaintiff failed to prove her disability was causally related to the work-connected accident. We affirm.
On February 22, 1971, plaintiff, a nurse's aid, sustained an accident during the course and scope of her employment when she was kicked in the head by a disputatious patient. The blow initially stunned plaintiff, but did not render her unconscious and she continued working with the patient. Plaintiff then went to the emergency room. X-rays and medications were ordered by a physician, but she was not hospitalized.
Dr. Sorkow, a general practitioner, saw plaintiff the following day. He testified that her prognosis at that time was excellent; his physical examination only revealed slight tenderness over the left side of her head and neck. Due to plaintiff's persistent subjective complaints, Dr. Sorkow, out of an abundance of caution, hospitalized plaintiff on February 27, 1971. Plaintiff complained of blurred vision, and at the request of Dr. Sorkow, plaintiff saw Dr. Emerson, an ophthalmologist, who found no physical reason for plaintiff's complaint of blurred vision.
From March 1, 1971 until March 7, 1971, plaintiff was paid compensation benefits. On March 8, 1971, Dr. Sorkow examined plaintiff and advised the hospital that she had recovered from the injury and could return to work.
On March 16, 1971, plaintiff saw Dr. Willis, a psychiatrist, and complained of headaches, dizziness, loss of balance, nightmares, and nervousness. Dr. Willis testified that, in his opinion, plaintiff was not suffering from either traumatic hysteria or traumatic neurosis inasmuch as they involve some major traumatic event which disturbs the patient emotionally. According to Dr. Willis, plaintiff had a post-concussion syndrome, that is, a group of symptoms which occur after a concussion characterized by headaches, ataxia, evidence of cerebella involvement, plus psychological instability. By a report dated March 30, 1971, Dr. Willis unqualifyingly certified that plaintiff was able to return to the work she was doing prior to the accident. *751 Dr. Willis was still seeing plaintiff at the time of trial in the lower court.
Mr. Lockett, Personnel Director at St. Patrick's Hospital, stated that plaintiff did return to work on March 31, 1971, and worked until April 25, 1971, performing the same duties she had performed prior to the accident. Corroborating testimony shows that plaintiff performed her duties without difficulty.
On April 25, 1971, plaintiff became ill; she was admitted to St. Patrick's Hospital on April 27th by Dr. Martin for treatment of a urinary tract infection. The hospital report states: "the urine examination revealed evidence of a urinary tract infection". In addition, a pregnancy test proved positive. Subsequent to her discharge from the hospital and upon confirmation that she was pregnant, plaintiff applied for and received a maternity leave of absence from work at the insistence of plaintiff's obstetrician. A handwritten note dated May 18, 1971, and signed by plaintiff follows:
"Nursing Service Dep. Sorry I have to take a leave of absence but will be willing to go back to work after the baby is born. Thanks so much for the time I was able to work at St. Pat."
On October 25, 1971, plaintiff's baby was born prematurely. Problems developed with the infant's health, necessitating much personal attention; plaintiff never returned to her former employment.
On June 30, 1972, plaintiff was examined by Dr. Morin, a psychiatrist. Her chief complaints at that time were weakness, headaches, leg aches, dizziness, and eye problems. Dr. Morin stated that the plaintiff was "quite bitter about what has happened and now has a tendency to blame all symptoms and problems on this one accident." Dr. Morin opined that plaintiff was fully capable of once again working as a nurse's aid.
There is no dispute as to the law. The jurisprudence is now settled that a claimant is entitled to compensation for neurotic disability causally related to an accident at work. Generally, plaintiff must prove by a preponderance of the evidence, the same as in any other civil case, that his disability is causally connected with the accident. Speculation, conjecture, and mere possibility are not sufficient. Guillory v. New Amsterdam Casualty Company, et al., 244 La. 225, 152 So.2d 1 (1963). Moreover, the evidence in such a case must be subjected to extremely careful and cautious scrutiny due to the vague, nebulous, and subjective nature of the disability. Wilkson v. Argonaut Insurance Company, 216 So.2d 97 (La.App.1st Cir., 1968). Inasmuch as a psychiatric disability is extremely difficult for laymen to understand or accept, reliance must be placed on the testimony of psychiatrists. Guidry v. Travelers Insurance Company, 210 So.2d 399 (La.App.3rd Cir., 1968).
In well written reasons for judgment, the trial court found: "if plaintiff is suffering a disability due to some emotional problem, it did not arise as a result of this accident." The trial court placed much emphasis on the fact that plaintiff had a history of emotional and physical disability extending over a lengthy period of time. Particularly, the hospital records reveal that on August 3, 1963, plaintiff was diagnosed as suffering from an acute stress reaction. After treatment with tranquilizers, she was discharged on August 8, 1963. On August 30, 1966, plaintiff was readmitted to the hospital and her history revealed extreme nervousness. In April, 1969, she was again admitted to the hospital in connection with an automobile accident and her head was x-rayed because she complained of pain. The trial court found that Dr. Willis' opinion was predicated upon incorrect assumptions; it therefore accorded his opinion only limited consideration. A compensation claimant will not be held to be disabled, and thus entitled to compensation benefits, solely because he suffers some residual pain or discomfort when he attempts to work following an accident. *752 Lasha v. Travelers Insurance Company, 268 So.2d 263 (La.App.3rd Cir., 1972).
This court is unable to find that the trial court committed manifest error in denying plaintiff's claim for compensation benefits. Finding no error in the judgment appealed from, we affirm the dismissal of plaintiff's suit. The costs of this appeal are to be paid by plaintiff-appellant.
Affirmed.