DOUCET, Judge.
Plaintiff, Wilfred Babineaux, instituted this workmen’s compensation action against Consolidated Aluminum Corporation and its workmen’s compensation insurer, Employers Insurance of Wausau, seeking benefits for total and permanent disability. Following a trial, judgment was rendered in defendants’ favor, dismissing plaintiff’s suit. Plaintiff appealed.
Plaintiff was employed by defendant as an ore feeder. On August 7, 1976, he fell approximately six to eight feet onto his back while attempting to climb an ore wagon. The following morning he was sent to Lake Charles Memorial Hospital by his employer. Dr. Arthur Rhoades diagnosed his injury as a lumbar sprain and advised plaintiff to rest for a couple of weeks. On August 18, 1976, Dr. Rhoades advised him to return to light duty. On November 2, 1976, he released him for regular duty. Plaintiff continued working for defendant until February 1977, when he resigned. He has not returned to work since terminating his employment with defendant.
Plaintiff received compensation benefits from August 17, 1976 to October 14, 1976 and from February 1, 1977 to May 5, 1977. When defendant refused to reinstate the benefit payments, plaintiff filed the instant action. Plaintiff contends the trial judge erred in failing to find that he is totally and permanently disabled because of a traumatic neurosis caused by his work related accident.
In Andrus v. Rimmer & Garrett, Inc., 316 So.2d 433 (La.App. 3rd Cir. 1975), this court stated:
“Where a claimant seeks workmen’s compensation for neurotic disability, traumatic neurosis, et seq., such condition must be proven, as in any other disabling injury, by a preponderance of the evidence. Such condition must not only be shown to exist but also that it was causally connected with the work related accident. Thomas v. St. Patrick’s Hospital, 276 So.2d 749 (La.App. 3rd Cir. 1973); Muse v. Sentry Insurance Company, 269 So.2d 609 (La.App. 3rd Cir. 1972).
“Our jurisprudence has further indicated that in such cases the court must proceed with utmost caution and exercise extreme care in view of the nebulous characteristics of such a condition and the possibility of the symptoms being easily feigned. The evidence in cases of this nature should be scrutinized carefully and every precaution taken to protect employers and insurers against unjustified claims because of alleged mental affliction. Messex v. Georgia-Pacific Corporation, 293 So.2d 615 (La.App. 3rd Cir. 1974); George v. Lafayette Well Service, Inc., 249 So.2d 212 (La.App. 3rd Cir. 1971); Boutte v. Mud Separators, Inc., 236 So.2d 906 (La.App. 3rd Cir. 1970); Jackson v. International Paper Co., 163 So.2d 362 (La.App. 3rd Cir. 1964).”
In the present action, the trial judge found that plaintiff failed to meet his burden of proof. An examination of the record reveals no manifest error in this finding.
Dr. David Drez, an orthopedist, examined plaintiff in February 1977. Dr. Drez stated that plaintiff’s complaints of pain were exaggerated and that the examination revealed no objective signs of any injury.
Dr. Norman Morin, an orthopedist, examined plaintiff on July 1, 1977. Dr. Morin testified that an examination revealed no objective evidence of any injury. Dr. Morin stated that he felt plaintiff was a malingerer.
*820 Plaintiff was examined by Dr. William Foster, a neurosurgeon, on January 30, 1978. Dr. Foster also found no objective evidence of any physical disability. Dr. Foster testified, in his deposition, that he believed plaintiff had fully recovered from the jury to his back.
Dr. William Cloyd, a psychiatrist, examined plaintiff on April 11, 1978. Plaintiff related a history of falling from a truck at work and complained of low back pain. Dr. Cloyd concluded that plaintiff was suffering from a depressive neurosis caused by the work related accident.
In rejecting plaintiff’s demands, the trial judge relied heavily on the testimony of Drs. Morin, Foster and Drez. Our examination of the record has not revealed that he erred by doing so, or by failing to accept Dr. Cloyd’s diagnosis. As this court noted in Andrus v. Rimmer & Garrett, Inc., supra:
“The evaluation of the credibility of witnesses is peculiarly within the trial judge’s domain. In addition, the amount of weight placed by the trial judge on expert testimony, and the findings of fact in this regard, are entitled to great weight on appeal.”
Drs. Morin, Foster and Drez testified that plaintiff had no objective signs of any injury. Dr. Drez stated that he felt that plaintiff was exaggerating his complaints. Dr. Morin pointedly stated that he felt that plaintiff was a malingerer. Dr. Cloyd’s contrary conclusions were based, in part, on a history related by plaintiff. In view of the testimony of the other experts as to plaintiff’s exaggeration of complaints, we cannot say that the trial judge erred by rejecting Dr. Cloyd’s diagnosis.
For the above and foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the plaintiff-appellant.

AFFIRMED.